## Bryce Crawford
### v.
## J. R. Munford.

*Real Property—Mortgages—Misdescription—Correction—Foreclosure—Parties.*

1. In proceedings to foreclose a second mortgage, the prior mortgagee is not a necessary party.

2. Upon a bill to correct and foreclose a mortgage, the property in question being misdescribed therein, this court holds that the mortgagee in possession, with notice of such error, under the foreclosure of a second mortgage, who was also the owner by purchase of judgments obtained against the mortgagor subsequent to the execution of the first mortgage, can not complain of a decree charging him with rent for the property while in his possession, and crediting him only with the sum paid for the judgments.

[Opinion filed October 19, 1888.]

Appeal from the Circuit Court of Randolph County; the Hon. George W. Wall, Judge, presiding.

Mr. H. Clay Horner, for appellant.

Mr. A. Russell, for appellee.

Reeves, J. D. McIntyre, on the 13th of March, 1874, made a mortgage to Elizabeth Miller, to secure a note for $700, which was intended to convey the southwest quarter of the southeast quarter of section 12, township 4 south, of range 5, west of the third principal meridian, but by the mistake of the scrivener who drew the mortgage the section was described as 13 instead of 12.

On the 20th day of March, 1877, McIntyre mortgaged said land by a correct description to appellant, to secure a note of that date for $1,000.  It is conceded that appellant had notice of Mrs. Miller's mortgage, and of the mistake in the description of the land.  Appellant's mortgage was filed for record the day it was made.  On the day appellant's mortgage was filed for record, March 20, 1877, the Broadway Savings Bank and William Hetherington obtained judgments in the Randolph Circuit Court against McIntyre for the sums respectively of $861.60 and $1,029.48; executions were issued on said judgments and levied on the land, and the land advertised for sale.  Thereupon appellant filed a bill to foreclose his mortgage, making McIntyre, the Broadway Savings Bank and William Hetherington parties defendant, and secured an injunction restraining the sale of the land on the executions of the bank and Hetherington.  On the hearing of appellant's foreclosure suit, a decree was entered finding appellant's mortgage and the two judgments concurrent liens on the land, and a sale of the land was ordered, the proceeds of the sale to be divided *pro rata* between the appellant, the bank and Hetherington.  A sale was made under this decree May 31, 1879, and the sum of $1,200 realized.  After the costs were deducted the remainder was distributed, as follows: on the bank judgment, $329; on the Hetherington judgment, $390, and to appellant, $417.  At the master's sale J. S. Foster bid in the land for appellant, and after receiving the master's deed conveyed the land to appellant.  Before the sale appellant had bought both judgments, paying $150 for each of them.  He paid nothing to the master except the costs, receipting for his share under his mortgage and for the amounts distributed on the judgments, as assignee of the judgments.  Mrs. Miller was not made a party to this foreclosure suit.  Appellant went into possession of the land in 1879, and has since continued in possession.

In 1881 appellee filed his bill to correct and foreclose the Miller mortgage, alleging all the foregoing facts, and showing the assignment of the Miller note to him, and that appellant, the bank and Hetherington had notice of the Miller mortgage,

and that the Miller mortgage was given by McIntyre to secure a part of the purchase money for the land described in the mortgage. The case went to a hearing on bill, amended bill and answers of appellant, the bank and Hetherington, and the Circuit Court decreed the correction of the Miller mortgage and a foreclosure of same; charged appellant with the rents of the land while he had possession, and credited him with the $300 paid on the judgments and interest thereon, leaving a balance due appellant of $225; directed a sale of the land, and out of the proceeds of the sale appellant be first paid the sum of $225, and the residue to be paid complainant. From this decree appellant appealed the case to this court. Both the form and substance of the decree are attached.

It is said that the decree should simply have opened up the decree in appellant's foreclosure suit, and let appellee in to make his defense in that suit, and then have adjusted conflicting rights on the basis of that decree and the facts then existing. Mrs. Miller was not a party to that proceeding, neither was she a necessary party. Hers was the prior mortgage, and the rule is too well settled to require the citation of authorities, that in a proceeding to foreclose a junior mortgage, the senior or prior mortgagee is not a necessary party. Not being a necessary party, and not having been made a party, Mrs. Miller and her assignee were in no way bound by the decree in appellant's foreclosure suit. The decree in no way affected her rights, and it was not necessary for her or her assignee to have said decree impeached for any reason. Appellee had the right to have his claim under the Miller mortgage considered and decided without regard to any finding or order contained in the decree in appellant's foreclosure proceeding.

The only remaining question is, whether the rights of appellant were in any way invaded, or injuriously affected by the decree in this case. The serious contention of appellant is, that he was not allowed a greater sum on account of his ownership of the judgments of the bank and Hetherington. Waiving the question whether under all the evidence in the case the judgment creditors were not chargeable with notice of the Miller mortgage, it does not seem under all the facts

disclosed by the evidence that appellant had any just reason to complain, in view of the fact that he was given a prior lien upon the premises in question for the full amounts he paid for the judgments and interest on the same. It is conceded that he had full notice of the Miller mortgage, and with this knowledge he bought the judgments for the express purpose of supplanting the Miller mortgage. We are unable to see that any injustice is done appellant in limiting his priority under the judgments to the amount he actually paid and interest; nor do we see that appellant has any reason to complain of the amount he is charged with as to rents. Appellant also complains that he was not allowed the costs paid by him in his foreclosure suit. It does not appear upon what principle appellee should be responsible for costs made in that case, when, at least so far as appellant is concerned, that proceeding was in fraud of the equities of the Miller mortgage under which appellee claims.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*